Burks, J.
The appellants were purchasers at a judicial sale of a small parcel of land with valuable mill buildings upon it. The decree, under which they purchased, retained the title to the property as security for the payment of the purchase money. The sale was reported and confirmed without objection or exception. The purchasers paid a portion of the purchase money, and being in default for the residue, a rule was mad© *351 against them 'to show cause against a resale of the property to satisfy the unpaid balance of the purchase money. They filed their answer to the rule, objecting to the resale on several grounds, and asking for an abatement of the purchase money unpaid. The circuit court deemed the answer insufficient, and by decree ordered the resale. We are to determine whether there is any error in this decree, from which an appeal has been allowed to the purchasers by one of the judges of this court.
In Virginia, the maxim caveat emptor strictly applies to all judicial sales. The court undertakes to sell only the title, such as it is, of the parties to the suit, and it is the duty of the purchaser to ascertain 'for himself whether the title of these parties may not be impeached or superseded by some other and paramount title; and if he have just grounds of objection for want or defect of title, he should present them to the court before the confirmatim of the report of sale. Ordinarily, objection after confirmation comes too late. Young's adm’r & Bowyer v. McClung & als., 9 Gratt. 336, 358; Threlkeld’s v. Campbell, 2 Gratt. 198; Daniel & als. v. Leitch, 13 Gratt. 195, 212, 213; Watson v. Hoy & als., (not yet reported), Virginia Law Journal, August, 1877, p. 473, et seq., 28 Gratt. 698.
These authorities would seem to be a sufficient answer to the pretension set up by the appellants in their answer to the rule for resale, to the effect that at the time they pm-chased the land and mill property, they believed that the right to the use of tire entire road mentioned in the answer was annexed or appurtenant as an easement to the property purchased by them, and that since the purchase they have discovered that a claim has been asserted by a third party, which is probably right, and will deprive them of the *352 use of the road, and thus seriously impair the value of the , , . ., property purchased by them.
This is nothing but an objection for defect of title. The title to the easement is necessarily connected with ^-e ^anc^ which ^ appurtenant; and whatever the purchasers believed, thev must be taken to x * know that they could acquire by their purchase only the title that the court sold, which was the' title, whatever it might he, of the parties to the suit. They purchased at their own risk, and cannot be heard to object for want or defect of title, at least after confirmation of the sale.
What is about to he said in regard to representations alleged to have been made on the day of sale as to the water-power and privileges, will apply also to the representations said to have been made in regard to the road.
The purchasers, in their answer to the rule, further object, that, under their contract, they were entitled to certain valuable water privileges, which they failed to get. This objection is based upon an alleged misunderstanding of the boundaries of the land purchased, and goes rather to the identity of the subject sold than to the title. If they are entitled to any relief on that account, it must be on the ground of fraud or mistake discovered after, confirmation of the sale. In such case, the confirmation of the sale would not he an insuperable harrier to relief in the absence of laches, acquiescence, waiver, or •other circumstance rendering relief inequitable.
I do not understand the answer as charging or imputing fraud to any one. The respondents do not pretend that the representations made on the day of sale, upon which they relied, as they say, to their prejudice, proceeded from the commissioner who made the sale, or from any party in. interest, or indeed from any person having authority to make them. They could not, therefore, have been defrauded by them. I rather take it, that the *353 defence, in the main, was intended to be based on the ground of mistake. Mutual mistake of material facts by the parties acting, or the mistake of such facts by one of the parties induced by the fraud or culpable negligence of the other, is certainly ground for equitable relief. 1 Story’s Eq. Juris. § 151. The decision in Watson v. Hoy & others, supra, was founded on the doctrine of mutual mistake. Eut the mistake of one of the parties occasioned by his own culpable negligence does not entitle him to relief as against the other, who is free from negligence. 1 Story’s Eq. Juris. § 146.
If there were any mistake in this case, it was not mutual. It was a mistake, if mistake at all, of the purchasers attributable solely to their own negligence. If they chose to rely upon the representations of strangers to the cause, and were thereby misled to their prejudice, they “must lie down under their folly.” It was a judicial sale, and the records of the court and the papers in the cause were the only reliable sources of information as to the property to be sold, the title, boundaries, &e. To these the purchasers should have looked. If they had so looked, they could not and would not have' been misled. The land which was offered for sale had been once before offered under a decree in the same suit. It had been surveyed and a plat of the survey was on file with the papers in the cause. It is admitted by the respondents in their answer, that there was such a survey, and that it showed the boundaries. ' They admit that it was tiled, but they say they do not know -when it was made or filed; that they did not know of its existence until recently. If the survey was filed before the sale, as itno doubt wras, ignorance of the fact is no excuse. It was their duty to make inquiry, and inquiry duly pursued would have led to knowledge. It. wall not do for them to shut their eyes and then say they did not see. Wher *354 ever inquiry is a duty, the party bound to make it is affected; with knowledge of all which he would have discovered had he performed the duty. Means of knowledge with the duty of using them are, in equity, equivalent to knowledge itself. Strong, J., in Cordon v. Hood, 17 Wall. U. S. R., 1, 8. See also Burwell’s adm’r v. Fauber & als., 21 Gratt. 446, 463, 464.
It is moreover to be observed in tiffs case, that the-answer to the rule is wholly affirmative in its character, and is not therefore evidence of the facts it avers. Ho-evidence in support of it was produced, none offered to be produced; and non constat, that any ever would or could be produced. Ho affidavit was filed stating that requisite proof would be furnished, if opportunity were afforded to procure it, and it does not appear that any application was made to the court to give such opportunity.
It is further to be observed that the purchasers not only paid the cash instalment of the purchase money without objection, but also the first deferred instalment,, which became due twelve months from the day of sale. It is not stated when this deferred instalment was paid, hut it is not to he supposed that it ivas paid before maturity. And yet it is stated in the answer that the respondents did not discover the facts on which they rely for defence until after the payment last referred to was made. It is singular that the alleged discovery was not sooner made; and also worthy of notice that after the discovery no attempt was made by them to obtain relief until they were called upon to answer the rule for resale after nearly two years’ default. They might and should have filed their petition in the cause, as soon as they made the discovery, setting out the matters stated in their answer. The inference to be drawn from their delay is not favorable to the equity of their claim.
*355 For the reasons stated I am of opinion that the circuit court did not err in holding that the answer of the appellants to the rule did not show sufficient cause against the resale. But I think the decree was erroneous in ordering a sale without giving the purchasers a day to redeem.
It is the invariable rule to give such day in suits by mortgagee against the mortgagor to foreclose a mortgage, (Clark v. Reyburn, 8 Wall. U. S. R. 322, 323, 324), and also in suits by vendor against vendee to enforce his lien for purchase money, whether such lien be express or implied. Kyles v. Tait's adm'r, 6 Gratt. 44; Yancey v. Mauck & als., 15 Gratt. 300; Adams’ Equity, side p. 128. See also the valuable appendix prepared by William Green, Esq., to Wythe’s Reports (Minor’s Ed.) 404, et seq., and especially p. 420, note 80.
In a suit by vendor against vendee, whether the lien is treated by analogy as a security in the nature of a mortgage, and the suit assimilated to a bill for foreclosure by judicial sale, or the suit be considered, as Judge Allen seemed to think it should be in a case, at least, where the title is retained, (Yancey v. Mauck & als., supra,) as a suit for the specific execution of a contract to which the lien is incident, the rule is the same.
Does the rule apply to proceedings in a pending suit for resale of property theretofore sold under decree in the same suit with retention of lien, or of the tide -with the lien incident, as security for the payment of the purchase money ? I confess I can see no reason why it should not so apply in full force.
In judicial sales the court in some sense is regarded as the vendor, making sale by a commissioner as its agent, and the contract is treated ’ as a contract substantially between the purchaser on one side and the court as vendor on the other. Where the title is retained, the proceeding for resale, whether by bill or in the more *356 summary way, by rule, is a proceeding substantially by the court, as vendor, to enforce the collection of the purchase money by enforcing the lien incident to the title retained as a security, and must be governed by the same vules an(t principles which control proceedings of a like nature in a like case by .any other vendor. See authorities cited by Judge Daniel in Clarkson v. Read & als., 15 Gratt. 288, 295, and among the rest, the case of Harding v. Harding, 18 Eng. Ch. R. 514, in which Lord Cottenham said, “ that there was no reason why. a person purchasing under a decree of the court should not be held to his contract as much as a person purchasing in the ordinary way; that the court might enforce the vendor’s lien against the estate, and that an order to hold the purchaser to his contract and to resell the estate in the meantime, toas in strict analogy to the course the court takes against the purchaser in the ordinary way.”
This error in the decree, in not giving the appellants a day to redeem, was corrected, it seems, by the circuit court, after the appeal from the decree was allowed and before the same took effect, by the giving of the bond required. As this correction was not to the prejudice of the appellants, but otherwise, they have no cause to complain of it.
As the decree appealed from did not give a day to redeem, of course no amount was fixed to be paid by way of redemption, and this is assigned as additional ground of error; and it is contended that, although the amendatory decree gives a day for redemption, yet it does not ascertain with sufficient certainty the amount to be paid. This amount is described in the amendatory decree as “ all the purchase money now due upon their (th,e appellants’) purchase of said property, and all costs at law and in this proceeding.”
*357 The receiver had made no report showing how much of the purchase money had been paid, and what balance remained unpaid. It would have been more regular to ■ have required such report before the rule was made, or at least before the resale was ordered; but the appellants, in their answer to the rule, state that they had paid “ the hand payment of about $150, and the first deferred payment of about $700, making in all about $850.” It appeals by the record that the land was sold for cash sufficient to pay the costs of suit and expenses of sale, and for the residue of the purchase money on a credit of one, two, three and four years, equal instalments, secured by the bonds of the purchasers, with title retained as further security. The gross amount of the purchase money was $2,932.68. The answer to the rule shows about the amounts paid. It is not material what were the precise amounts, as they were in full discharge of the cash payment and of the first deferred instalment, thus leaving' «ihn!1¡i nnpaiil tho +hree bmid“ lart falling dno with the interest accrued thereon* These bonds, of course, would show accurately the amount of the unpaid balance of pinchase money due at the date of the decree and of the resale. They were, under an order of the court, in the hands of the receiver, to whom the appellants were directed to make payment. The decree, therefore, in describing the amount of purchase money to be paid, as “ all the purchase money now due upon their (the appellants’) purchase of said property,” fixes the amount with requisite certainty. And so of the “ costs at law and in this proceeding.” They were evidenced by the record, and when taxed by the clerk, as the law requires, the amount would be certain. And id certum est quod cerium. reddi potest.
It is further assigned as error, that the decree complained of orders a sale of the whole of the ^property,
*358 instead of ordering, as it is contended should have been done, a sale of so much only as might be necessary to discharge the unpaid balance of purchase money.
In ordering a sale of property to satisfy a charge upon PaiIi^0U Ie practicable and would not be injurious, and a sale of a part will produce means sufficient to satisfy the charge upon the whole, certainly such part only should be sold. But whether it be necessary to sell the whole subject, or a part only, and if a part, whether the cutting off that part will not materially impair the value of what remains, and of the whole, then whether it would be more advantageous to sell it altogether or in in parcels, and if in parcels, what number there should be, how they should be laid off and in what order sold, are questions (and there are numerous others of a like character) which must of necessity be left for determination to the sound discretion of the chancellor who orders the sale. This court will supervise the exercise of this discretion by the chancellor, but will, in no case, reverse his action in the matter, unless plainly erroneous.
There is nothing in the record which shows that the circuit court committed any error in ordering a sale of the entire property. Indeed, the contrary rather appears. The property consists of a parcel of land containing thirteen acres, witli the buildings upon it. It was sold entire to the appellants. Three-fourths of the purchase money, with accrued interest, remain unpaid. Prima facie, it will take the whole property to discharge this unpaid balance. It is very improbable that the proceeds of the sale of the land detached from the mill seat and buildings on it would pay this balance. Hor has it been made to appear that it would be advantageous or judicious to sell in parcels. On the contrary, the appellants, in their answer to the rule, assert that the chief value of the property is in the mill seat and buildings, and that *359 the land attached and sold with it, together with certain privileges, is “ necessary for the operation of the mill.”
At all events, as the cause must he remanded, if in the further proceedings to he had in the circuit court, it he made to appear that it is necessary to sell only a part ■of the property, or that it would be more advantageous to sell the property in parcels than in one body, the circuit court can frame its decrees and orders accordingly.
Upon the whole matter, I am of opinion to affirm the decree of the circuit court as amended, and to remand the cause for further proceedings in order to final decree.
The other judges concurred in the opinion of Burks, J.
The decree was as follows:
This cause, which is pending in this court at its place of session at Staunton, Paving been fully argued, but not determined, at said place of session, this day came here the parties by their counsel, and the court having maturely considered the transcript of the record of the decree aforesaid and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that the said circuit court committed an error in not ascertaining and fixing by said decree the amount of the purchase money owing by the appellants and remaining unpaid for the land therein ordered to be resold, and a further error in the said decree in not giving to the appellants a reasonable time for the payment of said IDurchase money before the sale ordered.by said decree should be made, and that the said errors are the only errors in said decree; hut as it appears from a certified copy of an order of the said circuit court, filed in this cause, that after the appeal aforesaid was allowed, hut before it took effect, the said decree was amended by *360 the saicl circuit court, and the said errors were thereby corrected, the court is further of opinion that the said decree, as thus amended, should be affirmed. It is therefore decreed and ordered that the said decree, as. amended as aforesaid, be affirmed, and that the appellants pay to the appellees their costs by them expended in their defence of the appeal aforesaid here; and this-cause is remanded to the said circuit court for further proceedings to be had therein, in order to a final decree, in conformity to the opinion and principles herein expressed and declared; which is ordered to be certified to the said circuit court of Rockingham comity.
Decree affirmed.